[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-14640
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-01085-CV-BBM-1

KENNETH DAWSON,

Plaintiff-Appellant,

versus

HENRY COUNTY POLICE DEPARTMENT,
HENRY COUNTY,

Defendants-Appellees.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

**(July 3, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Kenneth Dawson, an African-American male, appeals the district court's

grant of summary judgment in favor of his former employer, Henry County Police

Department ("Henry County"), dismissing his complaint alleging racial discrimination under Title VII, 42 U.S.C. § 2000e-2(a)(1) and pursuant to 42 U.S.C. § § 1981 and 1983. No reversible error has been shown; we affirm.

Dawson's discrimination claim stems from discipline imposed upon him by Henry County for incidents occurring in September 2003 and again in November 2003. In September 2003, Dawson was charged with failing to perform properly his duties when responding to a potential child abuse call involving a mother who slapped repeatedly her teenage daughter. Henry County specifically maintained that Dawson failed to comply with state law requirements that the chief aggressor be arrested and a family violence report be filed. In November 2003, Dawson was charged again with neglect of duty when he signed off on a subordinate's investigation of a report of potential child abuse although that subordinate had failed to make contact with the subject child and failed to confirm the child's welfare otherwise. After the September 2003 incident, Captain Hatch (Caucasian) recommended, and Chief White (African-American) agreed, that Dawson should be demoted to Sergeant and placed on probation. Dawson appealed the discipline imposed; it was upheld after a hearing in which Dawson was represented by counsel. So too, after the November 2003 incident, Captain Hatch recommended

2

Dawson be demoted to Patrolman; Chief White agreed. This discipline also was upheld after a hearing.

Dawson's discrimination claims center on his allegation that the discipline imposed on him for each of these incidents -- demotion and reduced pay -- was greater than the discipline meted out to similarly situated Caucasian employees. Henry County moved for summary judgment arguing that Dawson failed to establish a prima facie case because, among other reasons, Dawson failed to meet his burden of identifying a similarly situated comparator; the County also argued that, even assuming a prima facie case, Henry County asserted legitimate non-discriminatory reasons supporting its discipline of Dawson. The magistrate judge issued a report and recommendation concluding that Henry County's motion was due to be granted: the evidence was insufficient to show that the proffered comparators were similarly situated, and nothing in the record showed that Henry County's reasons for imposing the discipline it imposed was pretextual. After de novo review, the district court adopted the magistrate's recommendation and granted summary judgment dismissing Dawson's complaint.

Dawson argues on appeal, as he did in the district court, that he proffered comparators for each of the two incidents for which he was disciplined. Dawson points to Roger Stubbs, a Caucasian, who was demoted -- for inadequate

supervision -- from Captain to Sergeant without reduction in pay. According to Dawson, the discipline he received for the September 2003 incident also was for inadequate supervision. But, as the magistrate found -- and the district court agreed -- the record failed to establish with sufficient specificity the conduct for which Stubbs was disciplined.

The same deficiency was found with another proffered comparator, Simmons. Simmons was demoted from Deputy Chief to Detective without reduction in pay, a demotion for inadequacies in his conduct of an internal investigation. The present case's record failed to show the nature and seriousness of Simmons's investigatory shortcomings. But, according to Dawson, a jury should have been allowed an opportunity to make the requisite inferences to show comparability.

About the November 2003 incident, Dawson argues Crawford and Savage, each of whom received counseling for failing to complete an assignment involving the safety of a child, engaged in conduct sufficiently similar to be a comparator. Crawford intended that an officer provide security to a child at a particular address when the child exited a school bus. Crawford told Savage to ensure that this matter was attended to but, in recording the assignment, he inadvertently only directed that the street upon which the child lived be patrolled. Savage made

generally known the need for an officer to attend to this assignment; he failed to communicate the seriousness of the detail and failed to single out a particular officer for the assignment. The magistrate determined that neither Crawford nor Savage was similarly situated to Dawson because they -- unlike Dawson -- were not already on probation when the disciplined conduct occurred. The district court agreed that Dawson's probationary status rendered Crawford and Savage unacceptable comparators; it further concluded that material distinctions between the misconduct of Dawson and that of Crawford and Savage, also rendered these officers insufficiently similar to satisfy Dawson's burden of establishing a prima facie case.

We review a district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). Absent other evidence of discrimination, summary judgment properly may be granted "[i]f a plaintiff fails to show the existence of a similarly situated employee." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

Dawson misapprehends the degree of similarity necessary to show a valid comparator for purposes of satisfying the similarly-situated element of a prima

5

<u>facie</u> case of discrimination.[1]  According to Dawson, nothing requires that the disciplined conduct be the same or nearly identical to that for which the complainant was disciplined.  But as we have said, the "quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."  <u>Maniccia</u>, 171 F.3d at 1368.[2]

The district court committed no error when it concluded that Dawson failed to show a valid comparator.  Dawson's reliance on Stubbs and Simmons as comparators was not supported by the record: the misconduct for which they were punished has been shown here in only the most general of terms; no way exists to determine whether the "quantity and quality" of the misconduct was "nearly identical" to that of Dawson.  <u>See Maniccia</u>, 171 F.3d at 1368.  Dawson's reliance on Crawford and Savage is also flawed: as the district court observed, a significant distinction exists between (1) Crawford and Savage's failure to secure a zone for which services have been requested where a child resides; and (2) Dawson's

---

[1]No direct evidence of discrimination is alleged.  Because this case is a circumstantial evidence case, the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 93 S.Ct. 1817 (1973), applies.

[2]We appreciate that <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1334 (11th Cir. 2000), cited by Dawson, set out a less exacting burden.  But <u>Burke-Fowler v. Orange County, Fla.</u>, 447 F.3d 1319, 1323 n. 2 (11th Cir. 2006), made clear that the "nearly identical" standard of <u>Maniccia</u> -- a panel decision that pre-dates the <u>Alexander</u> panel decision -- applies under our prior precedent rule.

failure to ensure that an actual allegation of child abuse was investigated properly. And even if we were to assume comparability of the "quality" of the conduct of Crawford and Savage, we nonetheless would conclude that neither Crawford nor Savage were similarly situated because Dawson -- unlike his proffered comparators -- already was on probation at the time of the relevant misconduct. See Cooper v. Southern Co., 390 F.3d 695, 741 (11th Cir. 2004) (Title VII claimant's earlier placement in discipline program factor considered in concluding proposed comparators not similarly situated). Dawson's protestations to the contrary notwithstanding, probationary status imposed as a consequence of a disciplinary process is relevant to the "similarly-situated" analysis.

Even if we were to assume arguendo that Dawson established a prima facie case, the district court order is due to be affirmed: it rested on the alternative ground that Dawson failed to show that Henry County's legitimate nondiscriminatory reasons for the discipline imposed were pretextual. If Dawson preserved this issue for appeal[3] -- a doubtful proposition -- Dawson failed to cast sufficient doubt on Henry County's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the expressed reasons were pretext for

---

[3]Dawson mentions the pretext issue only in a single passing reference. Issues not substantively argued on appeal are deemed waived; a passing reference in an appellate brief is insufficient to raise an issue. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

discrimination.  See Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11ᵗʰ Cir. 1997).

The same evidence offered initially to establish a prima facie case may be relied on for purposes of assessing the existence of pretext.  See id. at 1528.  But Dawson's comparator evidence was wanting even to establish a prima facie case; it is no stronger for purposes of demonstrating "weaknesses, implausibilities, inconsistencies, or contradictions" requisite to finding pretext.  See id. at 1538.  A proffered reason is shown to be pretext for discrimination only when it is shown that the reason was false and that discrimination was the real reason.  Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11ᵗʰ Cir. 2006).  An employee may meet its burden on pretext by "'either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'"  Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11ᵗʰ Cir. 2005), quoting Texas Dep't. of Cmty. Affairs v. Burdine, 101 S.Ct. 1089, 1095 (1981).  Dawson questioned whether his employment acts constituted violations of work rules and state law as claimed by Henry County; he introduced no evidence to show that Henry County had no real belief that his acts were improper and merited the discipline imposed.   The pretext inquiry focuses on the honesty of the

8

employer's explanation; raising a question about the correctness of the facts underlying that explanation without impugning the employer's honest belief, fails to create a triable pretext issue.  See Elrod v. Sears Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991); Cooper, 390 F.3d at 730.

Dawson did present evidence that others he identified as comparators were disciplined differently than was he but, as we have already discussed, these proffered comparators were insufficiently similar even to meet the threshold requisite to establish a prima facie case; the comparator evidence also failed to show that Henry County's proffered reasons for demoting him and reducing his pay were pretextual.  See Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) ("[p]rovided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.").

**AFFIRMED.**